IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANELLE SWANSON, on behalf of herself and all others similarly situated,<br><br>  PLAINTIFFS,<br><br>    v.<br><br>LORD & TAYLOR LLC,<br><br>  DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL BY DEFENDANT LORD & TAYLOR LLC

Pursuant to 28 U.S.C. § 1446, Defendant Lord & Taylor LLC ("Defendant") hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d), and states the following grounds for removal:

1. Plaintiff Lanelle Swanson instituted this action on or about January 11, 2011 in the Superior Court for Middlesex County, Massachusetts, Civ. No. 11-0098 (hereinafter referred to as the "State Action").

2. Plaintiff Swanson served the Defendant with the State Action Summons and Complaint on February 8, 2011. True and correct copies of the served Summons and Complaint are attached as Exhibit A.

3. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court. Thus, this Notice has been filed with this Court within thirty (30) days of service of copies of the Summons and Complaint in the State Action upon any Defendant.

4. This action is removed to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness

Act ("CAFA").

5. The Complaint is pleaded as a putative class action in which Plaintiff seeks to represent all Lord & Taylor sales associates in the Commonwealth of Massachusetts. Compl. ¶¶ 1, 3. Plaintiff places an indefinite temporal period on this purported class. Id.

6. Plaintiff is a citizen of the Commonwealth of Massachusetts within the meaning of 28 U.S.C. Section 1332(a). Compl. ¶ 3.

7. Defendant is organized under the laws of Delaware, with its principal place of business in New York, New York. Id. ¶ 4; See also Exhibit B hereto, Declaration of Diana Hoover, ¶ 3.

8. Plaintiff has not alleged a specific amount in controversy in the Complaint. Accordingly, to support removal, Defendant need only demonstrate a "reasonable probability" that the aggregate claims of the purported class are greater than $5 million, and this burden is "not an onerous one." Manson v. GMAC Mortgage, LLC, 602 F. Supp 2d 289, 293-94 and n.9 (D. Mass. 2009) (citing Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41 (1st Cir. 2009)). Plaintiff's likelihood of success on the merits is not relevant. Rather, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Id. Without admitting that Plaintiff or the purported class could recover any damages, the amount in controversy in this action, exceeds $5,000,000.00, exclusive of interest and costs, as established below.[1]

9. Plaintiff alleges that Lord & Taylor automatically docks its employees' pay every day for one-hour lunch breaks, even when the employees do not take those breaks. Compl. ¶¶ 1, 7. Plaintiff further alleges that Lord & Taylor's sales associates are not paid for all hours worked

---

[1] The limitations period for private actions under the Massachusetts Wage Act is three years.

-2-

when they fail to swipe in or out on the Lord & Taylor's card-swiping system.  Id. ¶¶ 10-11.

10. Plaintiff's hourly rate of pay as of the time she left her employment with Lord & Taylor was $11.65 per hour, which is representative of the typical hourly pay rate for sales associates in Massachusetts.  See Hoover Decl., ¶ 4.

11. As of March 4, 2006, there were approximately 181 full-time and 263 part-time sales associates working for Lord & Taylor in Massachusetts.  See Hoover Decl. ¶ 5.  As of March 8, 2007, there were approximately 225 full-time and 339 part-time sales associates.  Id.  As of March 6, 2008, there were approximately 229 full-time and 330 part-time sales associates.  Id.  As of March 6, 2009, there were approximately 154 full-time and 315 part-time sales associates.  Id.  As of March 7, 2010, there were approximately 147 full-time and 305 part-time sales associates.  Id.  As of February 14, 2011, there were approximately 165 full-time and 375 part-time sales associates.  Id.

12. Accordingly, for the three-year period preceding the filing of the Complaint in this matter (March 2008 – February 2011), there was an average of 174 full-time and 331 part-time sales associates at Lord & Taylor stores in Massachusetts.  Id.

13. The amount in controversy for this three-year period, with regard to Plaintiff's allegations concerning missed meal breaks, can be estimated by multiplying the Plaintiff's hourly wage rate by the total number of meal breaks at issue for the purported class.  Assuming 50 workweeks per year, with five allegedly missed meal breaks per week at a rate of $11.65 per hour, for 174 full-time sales associates over the three years preceding the filing of the Complaint, results in a missed meal break total for full-time sales associates of approximately $1,520,325.00.

14. Further, Plaintiff seeks that this award of damages be trebled under M.G.L. c. 149

§ 150. After trebling, the amount in controversy for missed meal breaks for full-time employees for this three-year period would be approximately $4,560,975.00.

15.     Plaintiff also brings a claim for unjust enrichment, presumably to seek single damages for a six-year period under a contract-type theory. Compl., Count II. For the additional three-year period, there was an average of 212 full-time and 311 part-time sales associates at Lord & Taylor stores in Massachusetts. If this longer limitations period were accepted by the Court, the amount in controversy for missed meal breaks for full-time sales associates during this additional three year period would be $1,852,350.00 (212 associates * 50 work weeks * five breaks/week * $11.65/hr. * three years). The estimated amount in controversy for full-time employees' missed meal breaks for the six-year period would therefore total approximately $6,413,325.00 ($4,560,975.00 + $1,852,350.00).

16.     Moreover, as explained above, Lord & Taylor also employed numerous part-time sales associates in Massachusetts. Considering allegedly missed meal breaks attributable to these individuals would further increase the amount in controversy.

17.     Plaintiff also alleges additional damages because Lord & Taylor's sales associates are allegedly not paid for all hours worked when they fail to swipe in or out on the Lord & Taylor's card-swiping system. Compl. ¶¶ 10-11. While difficult to quantify based on the vague allegations of the Complaint, this would further increase the amount in controversy. Assuming, without admitting, that each sales associate (full-time and part-time) was underpaid by just one half-hour per week for the three-year period preceding the Complaint, the estimated amount in controversy attributable to these allegations would total $441,244.00 (505 sales associates * $11.65/hr. * 0.5 hours/week * 50 work weeks * three years). Plaintiff seeks that this award of damages be trebled under M.G.L. c. 149 § 150, which would result in an amount in controversy

of approximately $1,323,732.00. This increases the total amount in controversy to approximately $7,737,057.00 ($1,323,732.00 + $6,413,325.00).

18. In addition, Plaintiff seeks attorney's fees for the claims set forth in her Complaint, which may be included in determining the amount in controversy for purposed of CAFA. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (attorney's fees are appropriately counted toward the amount in controversy in CAFA removal actions where the underlying statute provides for an award of attorney's fees). In a recent fee petition in a class action before this Court, DiFiore v. American Airlines, Inc., Civ. No. 07-10070, lead counsel for the Plaintiff in this matter sought to be reimbursed at a rate of $400/hour. See Exhibit C hereto, at 3. Without conceding that this hourly rate is appropriate here, we can presume that Plaintiff's counsel will seek at least this hourly rate in connection with this matter. In DiFiore, total attorney's fees sought were $348,256.00. Id. A similar request here would further increase the amount in controversy in this matter in excess of $8 million.

19. The Court may not decline to exercise jurisdiction over the action pursuant to 28 U.S.C. § 1332(d)(3), because Defendant is not a citizen of the state in which the action was filed.

20. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. To the contrary, Defendant disputes the viability of Plaintiff's claims.

21. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

22. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

23. By copy of this document and in accordance with the Certificate of Service, the

Defendant is providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above action now pending against it in Middlesex County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

> Respectfully submitted,
>
> LORD & TAYLOR LLC
> By its attorneys,
>
>
> /s/ Jeffrey S. Brody
> Jeffrey S. Brody (BBO# 556032)
> Douglas J. Hoffman (BBO# 640472)
> JACKSON LEWIS LLP
> 75 Park Plaza
> Boston, MA 02116
> (617) 367-0025; FAX: (617) 367-2155

Dated: March 10, 2011

## **CERTIFICATE OF SERVICE**

      This hereby certifies that on this 10th day of March 2011, a true and accurate copy of the above document was filed with the Court via the ECF system, and served upon the attorneys listed below, via first-class mail, postage prepaid.

    Shannon Liss-Riordan
    Stephen Churchill
    Lichten & Liss-Riordan, P.C.
    100 Cambridge Street, 20th Floor
    Boston, MA 02114

    Corrinne Hood Greene
`    Law Office of Corrinne Hood Greene
    One Thompson Square, Suite 502
    Charlestown, MA 02129

                                                          /s/ Douglas J. Hoffman
                                                          Jackson Lewis LLP