# **EXHIBIT A**

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

...... MIDDLESEX ......, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 11-0098

Lanelle Swanson, on behalf
of herself and all others similarly situated, ....., Plaintiff(s)

v.

Lord & Taylor LLC, ........, Defendant(s)

## SUMMONS

Lord & Taylor, LLC. c/o Registered Agent
Corporation Service Company
84 State Street, Boston, MA 02109

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan, Esq., Lichten & Liss-Riordan, P.C. ............... plaintiff's attorney, whose address is 100 Cambridge St., 20th Floor, Boston, MA 02114 ................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 TradeCenter, Woburn, Massachusetts ................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Middlesex Superior Court ................
the Twentieth ................ day of January ................
............, in the year of our Lord Two Thousand and Eleven

A true copy Attest:
Deputy Sheriff Suffolk County

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................
................................................................................................................................................
................................................................................................................................................
................................................................................................................................................

Dated: ........................................................................................................, 20..........

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ........................................., 20.......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 11-0098

Lanelle Swanson, on behalf of ___, Plff. herself adn all others similarly situated,

v.

Lord & Taylor, LLC, Deft.

SUMMONS
(Mass. R. Civ. P. 4)



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                Superior Court
                                              Civ. A. No. _____

                                              11-0098

LANELLE SWANSON,                     )
on behalf of herself and all         )
others similarly situated,           )
       Plaintiffs                    )
                                     )   JURY DEMANDED
v.                                   )
                                     )
LORD & TAYLOR LLC,                   )
       Defendant                     )

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX JAN 1 1 2011 CLERK

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1.  This action is brought on behalf of sales associates who have worked at Defendant Lord & Taylor in Massachusetts. As described below, Defendant has violated state wage laws and common law by failing to pay sales associates for all hours worked. In particular, Defendant automatically docks the employees' pay for one-hour lunch breaks, and thus the employees do not get paid for their working time even when they do not take those breaks, or do not take breaks for a full hour. In addition, employees are not paid for all hours worked when they fail to swipe in or out on the Defendant's time-keeping system. Plaintiff brings this claim on behalf of herself and all similarly situated individuals pursuant to Massachusetts Rule of Civil Procedure 23 and Mass. Gen. Law c. 149 § 150.

## II. PARTIES

2. Plaintiff Lanelle Swanson is an adult resident of Cambridge, Massachusetts. Ms. Swanson worked as a sales associate at the Lord & Taylor store in the Prudential Center in Boston from approximately 2006 until April 2010.

3. Plaintiff brings these claims on behalf of all similarly situated individuals who have worked for Defendant in Massachusetts.

4. Defendant Lord & Taylor LLC ("Lord & Taylor") is a limited liability company incorporated in Delaware and has places of business throughout the country, including a number of stores throughout Massachusetts.

## IV. STATEMENT OF FACTS

5. Defendant Lord & Taylor is a retail sales establishment that employs sales associates at its stores throughout Massachusetts and the country.

6. Defendant's policies and practices have prevented its sales associates from being paid for all hours they have worked.

7. In particular, Defendant automatically deducts an hour of time every day from its sales associates' timecards to account for a lunch break.

8. However, sales associates frequently do not take a lunch break, or do not take an entire hour for lunch.

9. Defendant knows or should know that its sales associates do not always take an hour lunch break. However, it still deducts an hour of pay for lunch for each sales associate every day regardless of whether they take the lunch break (and regardless of whether they have swiped out or not for lunch).

10. Defendant's sales associates use a card-swiping system when they arrive at work, when they leave for and return from lunch, and when they leave work at the end of the day.

11. However, sales employees are not paid for all hours worked when they fail to swipe in or out on the Defendant's card-swiping system

12. For example, if a sales associate inadvertently neglects to swipe his or her card when returning from lunch, she is not paid for all time worked after lunch.

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Pursuant to the state law requirements as set forth in Mass. Gen. Laws, c. 149 § 150, Plaintiff filed her statutory state law claim with the Office of the Attorney General and has received a right to sue letter.

### COUNT I

### FAILURE TO PAY WAGES
### IN VIOLATION OF MASSACHUSETTS LAW

Defendant's knowing and willful failure to pay its sales associates all wages due to them violates Mass. Gen. Law c. 149 § 148. This claim is asserted pursuant to Mass. Gen. Law c. 149 § 150.

### COUNT III

### UNJUST ENRICHMENT

By failing to pay its sales associates for all hours they have worked, Defendant has been unjustly enriched in violation of state common law.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 and Mass. Gen. Law c. 149 § 150;

2. An award of damages for all wages to which the plaintiff and class members are entitled due to Defendant's violations;

3. Statutory trebling of damages;

4. Attorneys' fees and costs;

5. Any other relief to which the plaintiff and class members may be entitled.

## JURY DEMAND

Plaintiff demands a jury for all claims so triable.

Respectfully submitted,

LANELLE SWANSON, on behalf of herself and all others similarly situated,

By her attorneys,

Shannon Liss-Riordan, BBO # 640716
Stephen Churchill, BBO # 564158
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02114
(617) 994–5800

Corinne Hood Greene, BBO# 654311
Law Office of Corinne Hood Greene
One Thompson Square, Suite 502
Charlestown, MA 02129
(617) 921-9314

DATED: January 11, 2011