UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LANELLE SWANSON on behalf of, | * | |
| herself and all others similarly situated, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-10412-JLT |
| | * | |
| LORD & TAYLOR LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

December 20, 2011

TAURO, J.

I.      Introduction

        After a hearing on December 14, 2011 and consideration of the parties' filings, Plaintiff's

Motion to Certify Class [#19] is DENIED for the reasons given below.

II.     Background

        A.      Factual Background

        Defendant Lord & Taylor is a retail sales establishment that employs sales associates at its

stores throughout Massachusetts.[1] Defendant uses an electronic card-swiping system to track

what time its employees report to and leave from work, and when its employees take a meal break

during a shift.[2]  In the event that an employee does not swipe out for a meal break, a one hour

---

[1]Compl. [#1-7] ¶ 5.

[2]See Hoffman Aff. Exh. O (Store Guide to Time and Attendance) [#25-17].

break is automatically deducted from that employee's recorded hours.[3]  The fact that the

employee did not swipe out for a meal break is recorded in a "deviation report," which is given to

the Area Sales Manager who supervises that employee.[4]  The Area Sales Manager is then

responsible for talking with the employee and, if necessary, correcting the employee's hours to

reflect that a meal break was not actually taken.[5]

The card-swiping system is also used to determine when an employee reports to and

leaves from work.[6]  If an employee reports within six minutes of the time they are scheduled to

work (i.e., six minutes early or late), his or her pay is rounded to the scheduled time.[7]  Plaintiff

alleges that both the meal break deduction policy and the time rounding policy work to the

detriment of individual sales associates by depriving them of pay for hours they were actually

working.[8]

Plaintiff brings suit on behalf of herself and all others similarly situated for failure to pay

wages under Massachusetts Law and unjust enrichment.[9]

---

[3]See Hoffman Aff. Exh. B (Harkins Decl.) [#25-2].

[4]See Hoffman Aff. Exh. H (Human Resources Manual) [#25-8]; Hoffman Aff. Exh. G (Screen Training Manual) [#25-7] at 7.

[5]See Hoffman Aff. Exh. B [#25-2].

[6]Hoffman Aff. Exh. B [#25-2].

[7]Hoffman Aff. Exh. B [#25-2].

[8]See Pl. Mot. Cert. Class [#19] at 2.

[9]Class Action Compl. [#1-3] at 3.

B.        Procedural Background

In June of 2010, Plaintiff filed a complaint with the Massachusetts Attorney General as required by Mass. Gen. Law. c. 149 § 150.  In that complaint, Plaintiff listed the reasons for her complaint as: (1) non-payment of wages; (2) vacation pay violation; (3) unpaid commissions; and (4) failure to provide personnel records.[10]  In the section of the complaint where a putative plaintiff is encouraged to provide details of the violation, Plaintiff wrote, "January 2008 contract signed $100 bonus checks monthly and contract missing from personnel files.  Terminated without vacation pay earned. Vacation pay due."[11]  After filing the complaint, Plaintiff was issued a right to sue letter by the Massachusetts Attorney General's Office.[12]

On January 11, 2011, Plaintiff filed a Class Action Complaint in Middlesex Superior Court.[13]  On March 10, 2011, Defendant filed a Notice of Removal, and on March 16, 2011, Defendant filed an Answer.[14]  On May 3, 2011, this court held a scheduling conference where time lines for discovery and motion practice were set, and both parties were authorized to take a number of depositions.[15]

On July 18, 2011, Plaintiff filed another complaint with the Massachusetts Attorney General.  In a cover letter filed with that complaint, Plaintiff's counsel acknowledged that, "Ms.

---

[10]Hoffman Aff. Exh. M (Original Attorney General Complaint)[#25-15].

[11]Hoffman Aff. Exh. M [#25-15].

[12]Hoffman Aff. Exh. M [#25-15].

[13]Class Action Compl. [#1-3].

[14]Notice of Removal [#1]; Answer [#5].

[15]Order [#13].

Swanson previously filed complaints in May and July, 2010, and [the Attorney General's Office] issued an authorization for immediate private suit on July 22, 2010."[16] Plaintiff's counsel also noted in the letter that he believed the earlier complaint satisfied the exhaustion requirement, but that Plaintiff was filing a second complaint in order to avoid any "unnecessary litigation."[17]

In the second complaint, Plaintiff listed the reasons for filing the complaint as: (1) Non-payment of wages; (2) vacation pay violation; (3) meal period violation; (4) overtime pay violation; (5) unpaid commissions.  Where Plaintiff was requested to provide detailed information as to the basis of her complaint, she wrote: "To further clarify my prior complaints, I want to make clear that my allegations include the fact that Lord & Taylor did not pay me (and others) for all hours worked.  For example, my clocked hours were rounded down, and I was charged for breaks I did not take.  This also resulted in a loss of overtime pay."[18]

On July 19, 2011, Plaintiff's deposition was taken,[19] and on July 28, 2011, Plaintiff was issued a right to sue letter under the new complaint with the Attorney General's Office.[20] Plaintiff's Motion to Certify Class [#19] was filed on August 26, 2011, and a hearing on that Motion was held on December 14, 2011.

III.     Discussion

---

[16]Hoffman Aff. Exh. N (Second Attorney General Complaint) [#25-16].

[17]Hoffman Aff. Exh. N [#25-16].

[18]Hoffman Aff. Exh. N [#25-16].

[19]Churchill Decl. Exh. B [#20-2]

[20]Hoffman Aff. Exh. N [#25-16].

In order for a case to be certified to proceed as a class action, a plaintiff must show that it

meets all of the requirements of Fed. R. Civ. P. 23(a) and one of the sections of Rule 23(b).

Under the Rule, "[t]he moving party bears the burden of establishing the elements necessary for

class certification: the four requirements of 23(a) and one of the several requirements of Rule

23(b)."[21]  Rule 23(a) states that the class will be certified only if:

> (1) the class is so numerous that joinder of all members is impractical
> [numerosity requirement]; (2) there are questions of law or fact
> common to the class [commonality requirement]; (3) the claims or
> defenses of the representative parties are typical of the claims or
> defenses of the class [typicality requirement]; and (4) the
> representative parties will fairly and adequately protect the interests
> of the class [adequacy requirement].

A failure to meet any one prong of Rule 23(a) is grounds for denying class certification.[22]  Of

particular importance is the requirement under Rule 23(a) that a named plaintiff be an adequate

class representative.

As the Supreme Court recently emphasized in Wal-Mart Stores, Inc. v. Dukes, the class

action lawsuit is "an exception to the usual rule that litigation is conducted by and on behalf of the

individual named parties only."[23] It is, therefore, clear that, "a class representative must be part of

---

[21]In re Relafen Antitrust Litig., 218 F.R.D. 337, 341 (D. Mass. 2003) (citing Smilow v. Sw. Bell Mobile Sys., 323 F.3d 32, 98 (1st Cir. 2003)).

[22]See e.g., Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2556-57 (2011) (denying class certification based on the putative class's failure to meet the commonality element of Fed. R. Civ. P. 23(a)).

[23]Dukes 131 S.Ct. at 2550 (quoting Califano v. Yamasaki, 442 U.S. 682, 700-701 (1979))

the class and 'possess the same interest and suffer the same injury' as the class members."[24] The

First Circuit has also highlighted the fact that, "[a]dequate representation is particularly important

[under Rule 23] because of the res judicata implications of a class judgment.  If the case is not

properly and vigorously conducted, either plaintiffs or defendants or both will suffer the

consequences of being bound by the resulting judgment."[25]

The adequacy determination under Rule 23 is a two-step process.  The court is charged

with determining, "first, whether any potential conflicts exist between the named plaintiffs and the

prospective class members, and, second, whether the named plaintiffs and their counsel will

prosecute their case vigorously."[26]  Courts have noted that a named plaintiff is not an adequate

class representative when he or she is subject to unique defenses that do not apply to other

potential class members.[27]  Failure to exhaust administrative remedies may render a class

representative inadequate if it means that his or her claim is subject to summary judgment or

---

[24]Dukes, 131 S.Ct. at 2550 (quoting East Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).

[25]Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985) (citing Kemp v. Birmingham News Co., 608 F.2d 1049 (5th Cir. 1979)); Ferraro v. General Motors Corp., 105 F.R.D. 429, 431 (D.N.J. 1985)).

[26]In re Credit Suisse-AOL Sec. Litig., 253 F.R.D. 17, 23 (D. Mass. 2008) (quoting Guckenberger v. Boston Univ., 957 F. Supp. 306, 326 (D. Mass. 1997) (internal quotation marks omitted)).

[27]See e.g., Overka v. American Airlines, 265 F.R.D. 14, 19 n.4 (D. Mass. 2010) (noting that where named plaintiffs had obtained a judgment in a related litigation, "[t]heir interests are . . . not aligned with those of other plaintiff representatives as they, but not the other named plaintiff representatives are subject to potential defenses of res judicata, claim splitting, and accord and satisfaction.")

dismissal where similar claims by other class members would not suffer the same defect.[28]

A plaintiff seeking to bring a claim pursuant to M.G.L. c. 149 §§ 148 and 150 must first

file a complaint with the Massachusetts Attorney General and receive a right to sue letter.[29]  As

other courts in this district have made clear:

> Sections 148 and 150 of Mass. Gen. Laws ch. 149 work in tandem.
> Section 148 provides that all non-exempt workers have the right to
> receive straight-time wages for each hour worked, while Section 150
> grants an aggrieved employee the right to bring a civil action for a
> violation of Section 148.  Under Section 150, an employee's private
> right of action is conditioned on the filing of a complaint with the
> Massachusetts Attorney General.[30]

The exhaustion requirement is mandatory, and operates as a bar to suit if it is not

fulfilled.[31]  As this court has previously stated, where a plaintiff does not exhaust their

---

[28]See Int'l Union v. Clark, No. 02-1484, 2006 WL 2687005, at *6 (holding that the
adequacy requirement of Rule 23 was not satisfied where named plaintiffs failed to exhaust
administrative remedies under Section 501 of the Rehabilitation Act prior to filing suit); Stubbs v.
McDonald's Corp., 224 F.R.D. 668, 674 (D. Kan. 2004) (finding that named plaintiff was not an
adequate class representative for title VII claims that he did not administratively exhaust.) (citing
Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990).

[29]M.G.L. c. 149 § 150 ("An employee claiming to be aggrieved by a violation of sections
33E, 148, 148A, 148B, 150C, 152, 152A or 159C or section 19 of chapter 151 may, 90 days
after the filing of a complaint with the attorney general, or sooner if the attorney general assents in
writing, and within 3 years after the violation, institute and prosecute in his own name and on his
own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for
any damages incurred, and for any lost wages and other benefits.")

[30]Norceide v. Cambridge Health Alliance, ___ F. Supp. 2d ___, 2011 WL 3895126 (D.
Mass. 2011) (citing Sterling Research, Inc. v. Pietrobono, No. 02-40150 - FDS, 2005 WL
3116758, at *11 (D. Mass. 2005); Daly v. Norton Co., 10 Mass. L. Rptr. 674, 1999 WL
1204011, at *2 (Mass. Super. Nov. 15, 1999)).

[31]Daly v. Norton Co., 10 Mass. L. Rptr. 674, 1999 WL 1204011 at *2 (Mass. Super.
1999) ("Massachusetts law mandates that all compensation claims must be filed with the Office of
the Massachusetts Attorney General before any court may adjudicate such claims.").  See also

administrative remedies prior to filing suit, the claim is defective, and "a plaintiff may not use post-complaint events to create jurisdiction or satisfy prerequisites to suit."[32]

The issue presented by the case currently before the court is whether Plaintiff properly exhausted her administrative remedies prior to suit.  Plaintiff argues in her <u>Motion to Certify Class</u> that recovery is warranted based on two practices of Defendant.[33]  First, she contends that Defendant subtracts a meal break automatically when sales associates fail to swipe in and out for lunch using Defendant's automatic time system.  Second, she asserts that Defendant rounds sales associates' hours to their scheduled work times if the associates reported for work within six minutes of the time they were scheduled to work.[34]  Plaintiff claims that these adjustments to sales associates' hours were unlawful, and that the adjustments resulted in associates not being paid for time they were actually working.[35]  While both of these allegations appear in Plaintiff's second complaint filed with the Office of the Massachusetts Attorney General, they are nowhere to be found in Plaintiff's first complaint.[36]

Plaintiff's second complaint with the Office of the Massachusetts Attorney General  –

---

<u>Purro v. Commonwealth</u>, 59 Mass. App. Ct. 61, 64 (2003) ("Where the Legislature has provided an administrative process for the resolution of disputes in the first instance, the courts must respect that choice.").

[32]<u>Forbes v. FDIC</u>, 850 F. Supp. 94, 97 (D. Mass. 1994) (Tauro, J.) (<u>citing</u> <u>Garcia v. Cecos Int'l Inc.</u>, 761 F.2d 76, 78-82(1st Cir. 1985)).

[33]Pl. Mot. Cert. Class [#19].

[34]<u>Id.</u> at 4.

[35]<u>Id.</u> at 8.

[36]<u>See</u> Hoffman Aff. Exh. M-N [#25-15 - #25-16].

where the allegations underlying the current suit were properly raised – was not filed until well after the Plaintiff had already brought suit and the parties were already engaging in discovery.[37] As the law makes clear, however, a plaintiff's failure to exhaust administrative remedies cannot be cured after a lawsuit has already been filed.[38]  Because Plaintiff's first complaint with the Office of the Massachusetts Attorney General did not mention the claims on which Plaintiff currently bases her putative class action lawsuit, Plaintiff cannot be found to have properly exhausted her administrative remedies as to those claims.[39]  Plaintiff, therefore, is not an adequate class representative because her failure to exhaust her administrative remedies subjects her to a unique defense that is inapplicable to claims held by other members of the putative class.

Under Rule 23, the requirements of typicality and adequacy are intertwined.  It is clear that, "[b]oth typicality and adequacy may be defeated where the class representatives are subject to unique defenses which threaten to become the focus of the litigation."[40]  Here, Plaintiff is subject to a unique exhaustion defense as to her Massachusetts statutory claims – the only claims where a plaintiff is entitled to treble damages for wage and hour violations.  Other potential class members are not subject to that defense and have a potential statutory remedy – with the additional benefit of treble damages –  arising out of the same events or course of conduct that make up the basis of Plaintiff's complaint.  Plaintiff is not a typical class representative because

---

[37] Hoffman Aff. Exh. N [#25-16].

[38] See Forbes v. FDIC, 850 F. Supp. 94, 97 (D. Mass. 1994) (Tauro, J.) (citing Garcia v. Cecos Int'l Inc., 761 F.2d 76, 78-82(1st Cir. 1985)).

[39] See Hoffman Aff. Exh. M[#25-15].

[40] In re Credit Suisse, 253 F.R.D. at 23 (citing In re Salomon Analyst Metromedia Litig., 236 F.R.D. 208, 213 (S.D.N.Y. 2006).

she has only a potential common law claim, whereas other class members also have a claim under

Massachusetts wage and hour laws.

Even though Plaintiff may still pursue her unjust enrichment claim on behalf of herself, for

the reasons given above, Plaintiff is not an adequate or typical class representative under Rule

23(a).  Because a potential class representative must meet all of the requirements of Rule 23(a),

the court need not reach the requirements of Rule 23(b).

IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Certify Class [#19] is DENIED.

AN ORDER HAS BEEN ISSUED.

                                        /s/ Joseph L. Tauro
                                        United States District Judge